David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff Takia Brandon,
Individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Takia Brandon, *individually and on behalf of all others similarly situated*,<br><br>　　　　　Plaintiff,<br>v.<br><br>First Premier Bank,<br><br>　　　　　Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1. Takia Brandon ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of First Premier Bank ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) conducts business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws of Nevada; and,

   (d) the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Nevada.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Nevada corporation and is a "person," as defined by 47 U.S.C. § 153(39).

9. Upon information and belief, the website for Defendant is https://firstpremier.com/.

10. Defendant's website claims, Defendant offers consumers various banking and financial services.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company and owner (or frequent user) of one or more of the telephone numbers used by Defendant to make telephone calls to Plaintiffs in violation of the TCPA.

## FACTUAL ALLEGATIONS

12. Sometime before March 2016, Plaintiff allegedly incurred certain financial obligations to Defendant.

13. In March 2016, Plaintiff told Defendant to stop calling her cellphone.

14. Accordingly, as of March 2016 any prior express consent to call Plaintiff on her cellphone was revoked.

15. From April 2016, without any prior express consent from Plaintiff, Defendant initiated numerous telephone calls to Plaintiff's cellular telephone number.

16. Defendant called Plaintiff's cellular telephone number using an artificial and pre-recorded voice.

17. Defendant made numerous calls to Plaintiff using an artificial and prerecorded voice.

18. Specifically, on numerous occasions, Defendant called Plaintiff's cellular telephone, during which an artificial or prerecorded voice would inform Plaintiff to hold for a live person.

19. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

20. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

23. Defendant's calls was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The telephone calls were unwanted by Plaintiff.

25. Defendant did not have prior express written consent to place the telephone calls to Plaintiff.

26. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS.

28. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

29. Defendant's calls to Plaintiff's cellular telephone numbers were unsolicited by Plaintiffs and without Plaintiff's permission or consent.

30. Plaintiff is informed and believes and thereupon allege, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

31. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

32. Further, Defendant's violations also caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life.  Plaintiff also suffered from frustration and annoyance from Defendant's pre-recorded voice which the TCPA was enacted to prevent.  *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action on behalf of herself and on behalf of all others similarly situated ("the Class").

34. Plaintiff represents, and is a member of the Class, consisting of

> All persons within the United States who received any telephone call from Defendant or their agents and/or employees, not sent for emergency purposes, to the person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or

       made with the prior express consent of the called party) using any automatic dialing system or artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

  b)   Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

  c)   Whether Defendant's conduct was knowing and/or willful;

  d)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  e)   Whether Defendant and/or its agent/s should be enjoined from engaging in such conduct in the future.

40. As a person that received telephonic communications from Defendant using an ATDS and using an artificial or prerecorded voice without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum

statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## Negligent Violations of the TCPA

## 47 U.S.C. § 227, *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the TCPA

## 47 U.S.C. § 227, *et seq.*

49. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

1  51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227
2  *et seq*, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory
3  damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).
4  52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting
5  such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representatives in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Award statutory damages of $500.00 for each and every negligent violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(B).
- As a result of Defendant's
- Award statutory damages of $1,500.00 for each and every knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).
- Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A),
- Any other relief the Court may deem just and proper.

///
///
//
///
///
///
///
///

**TRIAL BY JURY**

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this _____ day of March 2017.

HAINES & KRIEGER, LLC

By:   /s/ David H. Krieger
David H. Krieger, Esq.
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
*Attorneys for Plaintiff*
